# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 09-16956 |
| JOSEPH C. OSTRANDER, JR., | ) | Hon. Carol A. Doyle |
| CHRISTINE S. OSTRANDER, | ) | |
| | ) | Hearing Date:   October 25, 2017 |
| Debtors. | ) | Hearing Time:   10:00 a.m. |

## NOTICE OF MOTION

TO:       (See Attached Service List)

**PLEASE TAKE NOTICE** that on **October 25, 2017 at 10:00 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Carol A. Doyle,** U.S. Bankruptcy Court Judge, in Courtroom 742, Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the **Trustee's Motion for Approval of Compromise,** a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Gregg Szilagyi (ARDC 6198555)
542 S. Dearborn Street
Suite 1400
Chicago, Illinois 60605
312-663-0801

## CERTIFICATE OF SERVICE

Gregg Szilagyi certifies that service of the above and foregoing notice and attached pleadings was accomplished via First Class U.S. Mail on the parties on the attached service list on October 2, 2017.

*/s/ Gregg Szilagyi*

Label Matrix for local noticing
0752-1
Case 09-16956
Northern District of Illinois
Chicago
Wed Aug  2 14:18:51 CDT 2017

Citizens Banking Corporation
Casale Woodward & Buls, LLP
9223 Broadway, Suite A
Merrillville, IN 46410-7017

(p)GREENTREE SERVICING LLC
BANKRUPTCY DEPARTMENT
P O BOX 6154
RAPID CITY SD 57709-6154

National City
PO Box 94982
Cleveland, OH 44101-4982

National City Mortgage
3232 Newmark Drive
Miamisburg, Oh 45342-5433

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

Advocates Good Samaritan Hosp.
3815 Highland Ave.
Downers Grove, IL 60515-1590

Allied Interstate
3000 Corporate Exchange
5th FL.
Columbus, OH 43231-7689

Bank of America
PO Box 15026
Wilmington, DE 19850-5026

Best Buy
PO Box 5244
Carol Stream, IL  60197-5244

Capital One
PO Box 30285
Salt Lake City, UT  84130-0285

Carefree Lawn Sprinklers, Inc.
22049 S. Howell Dr.
New Lenox, IL 60451-3721

Carson Pirie Scott
PO Box 15521
Wilmington, DE  19850-5521

Central DuPage Hospital
25 N. Winfield Road
Winfield, IL 60190-1222

Chase Visa
PO Box 15153
Wilmington, DE  19886-5153

Chase/Circuit City
PO Box 15298
Wilmington, DE  19850-5298

Citizens Bank
PO Box 1790
flint, MI  48501-1790

Dish Network
PO Box 9033
Littleton, CO 80160-9033

DuPage Emergency Phys. Conv. Care
PO Box 366
Hinsdale, IL 60522-0366

EPI, PC
Dept. 4006
PO Box 30516
Lancing, MI  48909-8016

First Northern Credit Union
230 W. Monroe
Suite 2850
Chicago, IL 60606-4903

GE Money Bank
7360 S. Kyrene Rd.
Tempe, AZ 85283-8432

GE Money Bank/Old Nvy
c/o CAC Fin Corp
2601 NW Expwy, Ste 1000E
Oklahoma City, OK  73112-7236

Good Samaritan Hospital
3815 Highland Ave.
Downers Grove, IL 60515-1590

HSBC
PO Box 17051
Baltimore MD  21297-1051

HSBC
c/o James A. West, P.C.
6380 Rogerdale Rd.
Suite 130
Houston, TX  77072-1624

HSBC Retail Services
PO Box 5244
Carol Stream, IL  60197-5244

Hand & Plastic Surgery Assoc.
5046 Paysphere Circle
Chicago, IL 60674-0050

Holland Hospital
PO Box 3475
Toledo, OH  43607-0475

Home Depot
PO Box 689100
Des Moines, IA  50368-9100

Illinois Collection Service
PO Box 1010
Tinley Park, IL  60477-9110

Kohl's
PO Box 3084
Milwaukee, WI  53201-3084

Macy's
111 Boulder Industrial Dr.
Bridgeton, Missouri 63044-1241

Menards
PO Box 15521
Wilmington, DE  19850-5521

Midwest Diagnostic
75 Remittance Dr.
Suite 3070
Chicago, IL  60675-3070

National City
PO Box 5570, Loc 7107
Cleveland, OH  44101-0570

National City Mortgage Co.
PO Box 1820
Dayton, OH  45401-1820

New Oaklawn MR & Imaging
6240 W. 95th St.
Oak Lawn, IL 60453-2702

Old Navy
PO Box 981064
El Paso, TX  79998-1064

R. Griesemer MD
c/o NW Collectors Inc.
3601 Algonquin, Ste 232
Rolling Meadows, IL  60008-3106

Radiologists of DuPage
520 E. 22nd Street
Lombard, IL 60148-6110

Sears
PO Box 6283
Sioux Falls, SD  57117-6283

Sears
c/o NCO Fin. Systems
Dept. 72
Wilmington, DE  19850

Sears/K-Mart
PO Box 379
Wood Dale, IL  60191-0379

(p)VON MAUR INC
6565 BRADY STREET
DAVENPORT IA 52806-2054

Christine S. Ostrander
526 Senon Drive
Lemont, IL 60439-4092

Dean C Harvalis
Office of the United States Trustee
219 South Dearborn Street
Room 873
Chicago, IL 60604-2027

Gregg Szilagyi
542 South Dearborn Street
Suite 1400
Chicago, IL 60605-1564

Joseph C. Ostrander Jr.
526 Senon Drive
Lemont, IL 60439-4092

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Phillip A Olson
Charles P. Pavesich & Associates Ltd
1011 East Roosevelt Road
Lombard, IL 60148-4166

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Green Tree Servicing LLC
PO BOX 6154
Rapid City, SD 57709-6154

Von Maur
6565 Brady St.
Davenport, IA  52806

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)First Northern Credit Union        (u)Ostrander Matrix

```
End of Label Matrix
Mailable recipients    50
Bypassed recipients     2
Total                  52
```

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 09-16956 |
| JOSEPH C. OSTRANDER, JR., | ) | Hon. Carol A. Doyle |
| CHRISTINE S. OSTRANDER, | ) | |
| | ) | Hearing Date:    October 25, 2017 |
| Debtors. | ) | Hearing Time:    10:00 a.m. |

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE**

Pursuant to 11 U.S.C. §§ 105, 328, 330 and 363 and Rules 2002, 6004, and 9019 of the Federal Rules of Bankruptcy Procedure, Gregg Szilagyi, not individually, but as chapter 7 trustee (the "Trustee") for Joseph C. Ostrander, Jr. and Christine S. Ostrander (the "Debtors"), requests the entry of an order granting the Trustee authority to enter into a compromise with the Defendant Ethicon in connection with a personal injury claim of Debtor Linda Jordan (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

## I.    JURISDICTION

1.    This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (K), (M), (N), and (O).

2.    The predicates for the relief requested herein are 11 U.S.C. §§ 105 and 502 and Federal Rules of Bankruptcy Procedure 2002, 9006 and 9019.

## II.    BACKGROUND

3.    On May 9, 2009 (the "Petition Date"), the Debtors filed a petition for voluntary relief under chapter 7 of the Bankruptcy Code and an order for relief was entered by this Court.

4.       On the Petition Date, the Trustee was appointed as the interim chapter 7 trustee for the Debtors' estate (the "Estate").

5.       Prior to the Petition Date, Debtor Joseph C. Ostrander, Jr. experienced  a claim of sexual abuse by a cleric of The Catholic Bishop of Chicago, a corporation sole (The "Archdiocese".) The claim is property of the Estate pursuant to section 541 (a) of the Bankruptcy Code.

6.       The Debtors did NOT disclose the existence of the claim on their schedules or otherwise and the Trustee entered a no asset report and the case was closed on June 23, 2009. Thereafter, the Debtors' personal injury counsel contacted the Trustee and notified him of the existence of the claim.  On May 4, 2017 this Court entered an Order reopening this case and the United States Trustee again appointed Gregg Szilagyi as Trustee.

7.       On August 16, this Court entered an order authorizing the Trustee to employ Jeff Anderson & Associates, P.A., and Kerns, Foster & Pearlman, LLC (collectively, the "Special Counsel Firms") to pursue the claim on behalf of the Estate on a contingency fee basis, with a contingency fee of forty percent (40%) of any settlement or judgment, plus reimbursement of expenses.

8.       After negotiations with defendant Archdiocese, the Trustee has agreed to accept a settlement in the gross amount of Six Hundred Fifty Thousand Dollars ($650,000.00). A copy of the proposed settlement agreement with the Archdiocese is attached hereto as Exhibit A.

### III.    BASIS FOR REQUESTED RELIEF

9.       Section 105 of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105.  Federal Rule of Bankruptcy Procedure 9019(a)  authorizes the Court,

after a hearing on such notice as the Court directs, to approve a compromise or a settlement. Fed. R. Civ. P. 9019(a).

10.     Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy.  *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).  "The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate." *In re Energy Coop, Inc.*, 886 F.2d 921, 927 (7th Cir. 1989).  Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits.  Among the factors that the Court should consider in its analysis are the litigation's probability of success, the litigation's complexity and the litigation's attendant expense, inconvenience and delay (including the possibility that disapproving the settlement will cause wasting of assets).  *Id*. (quoting *In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1989).

11.     Furthermore, this Court has broad discretion under Federal Rule of Bankruptcy Procedure 9019(a) to approve a settlement provided that it is in the best interests of the Debtor's estate.  *See In re Am. Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987).  The Court need not, however, "conclusively determine claims subject to compromise, nor find that the settlement constitutes the best result obtainable." *In re Apex Oil Co.*, 92 B.R. 847, 867 (Bankr. E.D. Mo. 1988) (citing *In re W.T. Grant Co.*, 699 F.2d 599, 744 (2d Cir.) *cert. denied*, 464 U.S. 822 (1983)).  Similarly, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (quoting *In re Energy Coop., Inc.*, 886 F.2d 921, 929 (7th Cir. 1989).  All that is required is for the court

to "canvass the issues to determine the settlement does not fall 'below the lowest point in the range of reasonableness.'"  *Apex Oil*, 92 B.R. at 867.

12.     The Trustee submits that the proposed settlement constitutes a good opportunity under existing circumstances to resolve the claim without the necessity of litigation.  Given the cost and delay of litigation and the uncertainty of outcome, the Trustee submits that the proposed settlement is well within the range of reasonable outcomes for the Estate.

13.     The gross settlement amount is subject to certain fees and expenses of litigation including (a) attorneys' fees to the Special Counsel Firms in the amount of forty percent (40%) or $260,000.00, and (b)expenses of the Special Counsel Firms totaling $526.71.  The Trustee seeks authority to pay these fees and expenses upon receipt of the settlement proceeds.

## IV.   <u>NOTICE</u>

14.     The Trustee served the Motion on 21 days' notice on the United States Trustee,

the Debtors, their counsel and all creditors.

15.     WHEREFORE, the Trustee requests that this Court enter an order substantially

in the form attached hereto:  (1) approving the proposed settlement and settlement agreement

with the Archdiocese in the amount of $650,000.00 and (2) authorizing the Trustee to pay fees

and expenses to the Special Counsel Firms of (a) attorneys' fees to the Special Counsel Firms in

the amount of forty percent (40%) or $260,000.00; and (b) expenses of the Special Counsel

Firms totaling $526.71, upon receipt of the settlement proceeds, and for such other and further

relief as may be appropriate under the circumstances.

Respectfully submitted,


Dated:  October 2, 2017                              */s/ Gregg Szilagyi, Trustee*
                                                     By:  One of his Attorneys

Gregg Szilagyi (ARDC 6198555)
542 S. Dearborn Street
Suite 1400
Chicago, Illinois 60605
312-663-0801

# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is hereby entered into as of the date when the last Party executes this Agreement (the "Effective Date") by and between The Catholic Bishop of Chicago, a corporation sole (the "Catholic Bishop"), Joseph Ostrander ("Ostrander") and Gregg Szilagyi (the "Trustee") as Trustee for the Bankruptcy Estate of Joseph C. Ostrander, Jr. and Christine S. Ostrander (the "Estate") (collectively, "the Parties").

## R E C I T A L S

WHEREAS, Ostrander alleges that he was sexually abused by Robert Becker ("Becker"), who was at all relevant times a cleric of the Archdiocese of Chicago, while Ostrander was a minor, that the abuse by Becker resulted in personal and physical injuries to Ostrander, and that the Catholic Bishop and its agents failed to take reasonable steps to prevent such conduct or are otherwise liable for his injuries;

WHEREAS, Ostrander has advanced a claim against the Archdiocese of Chicago (the "Archdiocese") and The Catholic Bishop (collectively, the "Defendants") based on these allegations (the "Claims");

WHEREAS, Ostrander's date of birth is August 8, 1972 and he is of sufficient mental ability to appreciate the effect of his action in entering into this Agreement, and is entering into this Agreement of his own free will and with the advice of counsel;

WHEREAS, Ostrander filed for federal bankruptcy protection in a case entitled In re Joseph C. Ostrander Jr. and Christine S. Ostrander, Case No. 09-16956 (the "Bankruptcy") in which Trustee was appointed by the Bankruptcy Court as the Trustee of the Estate;

WHEREAS, the parties are in agreement that the Estate owns Ostrander's claims against the Catholic Bishop that have been asserted in this matter. This agreement is contingent upon approval by the Bankruptcy Court;

WHEREAS, Defendants deny that they were negligent or that they otherwise caused or are liable for the injuries claimed by Ostrander;

WHEREAS, Defendants wish to respond with compassion to Ostrander's claim;

WHEREAS, the Parties and each of them believe it is in their respective best interests to compromise these claims and enter into this Agreement;

WHEREAS, having reached this Agreement, the Parties intend that it bring them a sense of finality and a measure of peace and they will go forward in that spirit;

WHEREAS, the amount paid by the Catholic Bishop pursuant to this Agreement is intended to be and is in full and final satisfaction of any and all claims for personal, physical, and psychological injuries that Ostrander has made or may make against the Catholic Bishop, the Archdiocese of Chicago, and any instrumentality of the Catholic Church (including, but not limited to, the Holy See) and any of their respective present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors, assigns, affiliates, or volunteers, or against Becker or his estate;

WHEREAS, all of the Parties hereto are represented by counsel and have had the opportunity to discuss this Agreement with counsel; and

WHEREAS, each of the Parties hereto has read this Agreement in its entirety, has had the opportunity to review all aspects of this Agreement with legal counsel, and fully understands all of the Agreement's provisions and their legal and practical effects;

NOW, THEREFORE, in consideration of the foregoing recitals and for other good and valuable consideration (the sufficiency of which is hereby acknowledged by each of the Parties), it is hereby covenanted and agreed by and between the Parties hereto as follows:

1.  <u>Recitals</u>.  The Parties agree that the above Recitals are incorporated into this Agreement.

2.  <u>Bankruptcy Court Approval Required</u>.  The parties acknowledge and agree that the terms of this Agreement shall not take effect until and unless this Agreement is approved by the Bankruptcy Court.  A copy of the Court's order approving this Agreement shall become attached to this Agreement and made a part thereof.

3.  <u>Payments</u>.  The Catholic Bishop shall pay to the Estate and Ostrander Six Hundred Fifty Thousand Dollars ($650,000.00) by check made payable to "Gregg Szilagyi, as Trustee in Case No. 09-16956".  This payment is on account of personal physical injury or physical sickness, or emotional injuries resulting from personal physical injury or physical sickness, within the meaning of Section 104(a)2 of the Internal Revenue Code of 1986, as amended.

The settlement check shall be tendered within 65 days following receipt of the Bankruptcy Court's approval and the tender of a fully executed agreement by Ostrander and his attorneys, whichever is later.  The Parties waive the Illinois law concerning the prompt payment of settled claims.  735 ILCS 5/2-2301.

4.  <u>Complete Release of the Defendants</u>.

    a)  <u>By Ostrander</u>.  Upon execution of this Agreement, Ostrander, individually and on behalf of his current and future agents, heirs, representatives, attorneys, successors and assigns hereby completely and unconditionally releases, discharges and waives all claims, damages, causes of action, debts, liabilities, torts, covenants, contracts, agreements, undertakings and other obligations of

whatever nature or source, statutory or otherwise, whether known or unknown (including, without limitation, any claim for sexual abuse, personal injury, negligence, or breach of fiduciary duty, fraud, fraudulent concealment, or fraudulent inducement, and any claim for attorneys' fees and costs), arising out of any matter prior to the date of this Agreement, which he has, had or may have against the Defendants, any instrumentality of the Catholic Church (including, but not limited to, the Holy See) or their respective present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors, assigns, affiliates, or volunteers or against Becker or his estate (the "Released Parties").

b) <u>By the Trustee</u>.    Upon execution of the Agreement, the Trustee, on behalf of the Creditors of the Estate, and on behalf of any of the Estate's current and future agents, representatives, attorneys, successors and assigns hereby completely and unconditionally releases, discharges and waives all claims, damages, causes of action, debts, liabilities, torts, covenants, contracts, agreements, undertakings and other obligations of whatever nature or source, statutory or otherwise, whether known or unknown (including, without limitation, any claim for sexual abuse, personal injury, negligence, or breach of fiduciary duty, fraud, fraudulent concealment, or fraudulent inducement, and any claim for attorneys' fees and costs), arising out of any matter prior to the date of this Agreement, which the Estate has, had or may have against the Defendants or the Released Parties.

5.    <u>Authority</u>.    Ostrander and the Trustee covenant and warrant that they have the authority to release the claims released pursuant to this Agreement.

6.      No Assignment.  Except for the Bankruptcy, Ostrander and the Trustee covenant and warrant that they have not assigned or transferred, or purported to assign or transfer, the claims released in this Agreement.

7.      Intention of the Parties.  It is the firm intention of the Parties in entering this Agreement to resolve all matters in dispute between them.  From the date of this Agreement, the Parties agree to comport themselves in a manner that is consistent with this intention and move forward in peace.

8.      Binding.  This Agreement shall be binding upon the Parties hereto and their respective successors in interest, heirs, personal representatives and assigns.

9.      No Admission of Wrongdoing.  Nothing contained in this Agreement, nor any action taken by any Party in connection with this Agreement, constitutes an admission of wrongdoing or liability on the part of any Party.

10.     Additional Documents.  The Parties shall execute, acknowledge and deliver to the other Parties such instruments or confirmation or other or further assurance as may be reasonably required to carry out the purposes of this Agreement after the date of the Agreement.

11.     Representation by Lawyer.  In entering into this Agreement, Ostrander and the Trustee confirm that they have been represented by counsel of their choice, that they have relied on the legal advice of such counsel, that the terms of this Agreement have been completely read and explained to them by their attorneys and that they fully understand and voluntarily accept these terms.  As such, the Parties agree that no Party will claim that any ambiguity in this Agreement shall be construed against another Party.  **Ostrander and the Trustee understand and acknowledge that this is a full, final, and complete release and settlement of all claims and demands, whether known or unknown, suspected or unsuspected, that they have or**

**may have against the Defendants, any instrumentality of the Catholic Church, and/or Becker or his estate.**

    12.    <u>Notice</u>. Any notice permitted or required to be given hereunder shall be delivered to the following addresses or any other addresses that the Parties provide to each other in writing:

    To:    Joseph Ostrander

    _____

    _____

    Gregg Szilagyi

    _____

    _____

    With a copy to:    Jeffrey R. Anderson, Esq.
Jeff Anderson & Associates, P.A.
366 Jackson Street, Suite 100
Saint Paul, MN 55101

    To:    The Catholic Bishop of Chicago, a corporation sole
Office of General Counsel
Archdiocese of Chicago
835 N. Rush Street
Chicago, IL 60611

    With a copy to:    James A. Serritella, Esq.
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave, 21st Floor
Chicago, IL  60611-3586

If mailed, such notice shall be deemed delivered when deposited in the United States mail in a sealed envelope so addressed, with postage thereon prepaid.  If sent by overnight courier, such notice shall be deemed to be delivered when delivered to the overnight courier.

    13.    <u>Laws of Illinois</u>.  This Agreement shall be construed in accordance with the laws of the State of Illinois, without reference to its choice of law provisions.

14.    <u>Severability</u>.    Any invalidity, in whole or in part, of any provision of this Agreement shall not affect the validity of any other of its provisions or of the Agreement as a whole.

15.    <u>Entire Agreement</u>.    This Agreement constitutes the entire agreement between the Parties. This Agreement may be amended only by a written instrument signed by all Parties.

16.    <u>Counterparts</u>.    This Agreement may be executed in counterparts.

17.    <u>Headings</u>.    Headings have been inserted for convenience of reference only. They are not intended to affect the meaning or interpretation of this Agreement.

18.    <u>Release of Attorneys' Lien</u>.    In consideration of this Agreement and other good and valuable consideration (the sufficiency of which is hereby acknowledged), Jeff Anderson and Associates, P.A. and Kerns, Frost & Pearlman, L.L.C., as counsel for Ostrander and the Trustee, hereby waive, discharge and release Defendants, any instrumentality of the Catholic Church, their present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors and assigns, affiliates, volunteers and Becker and his estate of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Ostrander's and the Trustee's counsel in connection with this case. Ostrander, the Trustee, Jeff Anderson & Associates, P.A. and Kerns, Frost & Pearlman, L.L.C. certify that no other person claims any attorney's fees in connection with the above-described matters.

19.    <u>Third Party Interests and Liens</u>.    (A) *Medicare Secondary Payer requirements*. The Parties have reasonably considered Medicare's interests, as set forth in 42 U.S.C. 1395y. Ostrander represents and warrants that he has not received, and does not expect to receive within the next 30 months, any payment of benefits under the Medicare program or any benefits under

the "Social Security Disability Income" program. Nonetheless, in order to ensure that Medicare's interests have been adequately protected, Ostrander expressly agrees to use the proceeds from this settlement to pay for future Medicare covered treatment related to the Claims. Ostrander and his attorneys acknowledge that they understand the standards set forth in the 42 U.S.C. 1395y, 42 CFR § 411 and the Memoranda issued by the Center for Medicare and Medicaid Services and will abide by these. Ostrander further agrees to hold harmless and indemnify the Catholic Bishop from any cause of action related to recovery sought by Medicare, including recovery for past, present and future conditional payments.

(B)     *Statutory liens or claims.*     Excluding the interests of the Estate contemplated herein, Ostrander represents and warrants that any sums paid under this Agreement are not subject to any claim, in the nature of subrogation or otherwise, by any government entity, including without limitation any health insurance company, or to any other lien or claim by any third party. Ostrander represents and warrants that all medical aid, hospital services, doctor services, psychiatric or psychological services, psychotherapist services, chiropractor services, nursing, drugs, and medical and hospital liens past, present and future arising as a result of the Claims covered by this Agreement and any other liens that might be placed on the payments being made under this Agreement, have been or will be paid by Ostrander. Ostrander agrees to INDEMNIFY, HOLD HARMLESS AND DEFEND the Released Parties from any and all such claims, demands, actions and causes of action of any nature or character and any other claims, demands, actions and causes of action which may have been or may hereafter be asserted against the Released Parties by any person, insurer, firm, corporation or governmental entity claiming under alleged subrogation rights for hospitals', doctors' or other medical liens.

(C)     In further consideration of the payment of the sums described above, Ostrander on his own behalf and on behalf of his heirs, executors, administrators, successors, agents, assigns

and any other person or entity claiming by, through, or under Ostrander (excluding Ostrander's current attorneys), hereby agrees to PROTECT, DEFEND, HOLD HARMLESS AND INDEMNIFY the Released Parties from any and all claims, damages or liabilities that may be asserted by anyone claiming by, through, under, or on behalf of Ostrander against the Released Parties, including, but not limited to claims made for contribution or indemnity. **THIS INDEMNITY AND HOLD HARMLESS AGREEMENT IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED, OR PROVED THAT ALL OR SOME OF THE CLAIMS BEING ASSERTED AND/OR DAMAGES BEING SOUGHT ARE CAUSED IN WHOLE OR IN PART BY THE SOLE OR CONCURRENT NEGLIGENT OR GROSSLY NEGLIGENT OR INTENTIONAL ACTS OR OMISSIONS OF THE RELEASED PARTIES**. This obligation to protect, defend, hold harmless and indemnify is intended to cover all forms and types of damages whatsoever that may be sought against the Released Parties arising out of or related to the claims that were asserted or could have been asserted on behalf of Ostrander against the Released Parties arising out of the Claims covered by this Agreement.

Without limiting the foregoing, this indemnity and hold harmless provision is specifically intended to include all losses, costs, liability, and expenses relating to such claims, demands, actions, or causes of action, and the costs of future litigation, including without limitation, reasonable attorney fees. This obligation to protect, defend, hold harmless, and indemnify includes, without limitation, the obligation to provide the Released Parties with a good and adequate defense, including payment for all defense costs and attorneys' fees, to defend the Released Parties against any claim or cause of action covered by this indemnification. Ostrander also agrees to pay the Released Parties' attorney's fees and expenses incurred in any action that

the Released Parties may bring to enforce this obligation to protect, defend, indemnify and hold harmless.

19.    <u>Approval of Form and Content of Agreement</u>.    Jeff Anderson and Associates, P.A. and Kerns, Frost & Pearlman, L.L.C. hereby agree that they have approved this Agreement as to form and content.

20.    <u>No Conditions Precedent</u>.    Each of the parties to this Agreement acknowledges that no conditions precedent and no promise, inducement or agreement not stated herein has been made to them in connection with this Agreement.

21.    <u>Integration and Reliance Clause and Amendment</u>.    This Agreement constitutes the entire understanding and agreement of the parties hereto and supersedes any and all other written or oral agreements, representations or understandings.    No representations, inducements, promises or agreements, oral or written have been made by or on behalf of any Party, which are not contained herein, and any prior letters of intent, agreement, promises, negotiations, statements or representations not expressly set forth in this Agreement have not been relied upon in any respect and shall be of no force or effect.    Each party agrees and warrants that in entering into this Agreement, it is solely relying upon the information contained in this Agreement and not in reliance upon any other information.    No modification, amendment or alteration to this Agreement shall be effective unless in writing signed by the parties hereto.

22.    <u>Change of Facts; Later Discovered Facts</u>.    Ostrander and the Trustee hereby acknowledge that  they or their attorneys may hereafter discover facts different from or in addition to those that they now know or believe to be true with respect to the Claims, or may hereafter change their opinion as to the meaning or significance of the facts heretofore discovered, or may incur or suffer loss, damage, or  injury which is in some way caused by or

related to the matters referred to in this Agreement but which are unknown or unanticipated at the time of execution of this agreement.  Ostrander and the Trustee hereby agree that, in such event, this Agreement shall nevertheless be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

[Signature page follows.]

IN WITNESS WHEREOF, the Parties have signed this Agreement effective as of the last date of execution provided below.

_____          _____
Date                                      Joseph Ostrander


_____          _____
Date                                      Gregg   Szilagyi,   as   Trustee   of   the
                                          Bankruptcy Estate in the action entitled In re
                                          Joseph  C.  Ostrander,  Jr.  and  Christine  S.
                                          Ostrander


                                          The Catholic Bishop of Chicago, a
                                          corporation sole


_____          By:_____
Date
                                          Its:_____


As to Paragraph 17 (Release of Attorneys' Lien), Paragraph 18 (Medicare Secondary Payer), and Paragraph 19 (Approval of Form and Content)


_____          _____
Date                                      Jeffrey R. Anderson, Esq.
                                          Attorney for Joseph Ostrander
                                          Jeff Anderson & Associates
                                          366 Jackson Street, Suite 100
                                          Saint Paul, MN 55101


_____          _____
Date                                      Marc J. Pearlman, Esq.
                                          Attorney for Joseph Ostrander
                                          Kerns, Frost & Pearlman
                                          30 W. Monroe, Suite 1600
                                          Chicago, IL 60603